STATE of Wisconsin, Plaintiff-Appellant,

v.

David I. DENNIS,† Defendant-Respondent.

Court of Appeals

*No. 86–1130–CR. Submitted on briefs October 6, 1986.—
Decided March 10, 1987.*

(Also reported in 405 N.W.2d 711.)

† Petition to review denied.

For plaintiff-appellant briefs were submitted by *James C. Babler,* district attorney for Barron County, Barron, and *Bronson C. La Follette,* attorney general, and *William L. Gansner,* assistant attorney general, Madison.

For defendant-respondent briefs were submitted by *Roy LaBarton Gay,* Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   The state appeals a judgment dismissing a criminal complaint against David Dennis. The circuit court, in dismissing the complaint for bail jumping, sec. 946.49(1)(a), Stats., reasoned that the bond condition that Dennis allegedly violated, refraining from driving without a valid license, was unconstitutionally imposed.[2] Because we hold that the condition of bond was reasonable, we reverse.

The district attorney argues that the circuit court lacked the authority to decide constitutionality because the attorney general was not notified as required by sec. 806.04(11), Stats. While the state's argument has some merit, *see Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 116–17, 280 N.W.2d 757, 764–65 (1980), we consider the constitutional issues because the attorney general has accepted our invitation to participate on appeal. *Estate of Fessler,* 100 Wis. 2d 437, 444, 302 N.W.2d 414, 418 (1981).

---

[2]Dennis also contends that the trial court imposed upon him the statutory condition that he commit no crime while released on bail, sec. 969.02(4), Stats., and that this condition was unconstitutional. We do not address Dennis' contentions because the record reveals that sec. 969.02(4) was not made a condition of the bond upon which the bail jumping charge was based.

The facts of this case are minimal and undisputed. Prior to the present offense, Dennis was twice charged with operating a motor vehicle after his driving privileges had been revoked, contrary to sec. 343.44(1), Stats. Pending resolution of the two charges, Dennis was released on bond. As a condition of bond imposed under sec. 969.02, Stats., Dennis was not to drive unless he had a valid driver's license. Section 969.02, provides in part:

Release of defendants charged with misdemeanors.[3]

....

(3) In addition to or in lieu of the alternatives under subs. (1) and (2), the judge may:

....

(d) Impose ... any nonmonetary condition deemed reasonably necessary to protect members of the community from serious bodily harm ....

Section 946.49(1), Stats., provides in part:

Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:
(a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.

After his release on bond, Dennis was charged with failing to comply with the terms of his bond for driving a motor vehicle while his driving privileges were revoked.

---

[3]A second violation of sec. 343.44(1) is a misdemeanor punishable by both a fine and imprisonment of up to six months. Sections 343.44(2) and 939.60, Stats.; sec. 973.02, Stats.

Whether a given statute is compatible with constitutional mandates is a question that we review independent of the determination of the circuit court. *Burlington Northern, Inc. v. City of Superior*, 131 Wis. 2d 564, 573, 388 N.W.2d 916, 920–21 (1986). A challenger to the constitutionality of a statute has the burden of proof beyond a reasonable doubt. *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 506, 261 N.W.2d 434, 441 (1978).

Article I, sec. 8, of the Wisconsin Constitution provides in relevant part:

> (2) All persons, before conviction, shall be eligible for release under reasonable conditions designed to ... protect members of the community from serious bodily harm ....

We must therefore consider whether the condition of Dennis' bond was designed to meet the specified goal for condition of release found in both the constitution and sec. 969.02. The condition that Dennis drive only with a valid license was designed to protect the community from serious bodily harm.

The condition of bond that the circuit court found unreasonable parallels the statutory prohibitions against driving without a license, sec. 343.05, Stats., and driving after revocation found in sec. 343.44, Stats. *Steeno v. State*, 85 Wis. 2d 663, 671–74, 271 N.W.2d 396, 400–01 (1978), discussed the intent of and necessity for the latter statutory prohibition when it held constitutional, against a cruel and unusual punishment challenge, the penalties portion of sec. 343.44. *Steeno* recognized that "[t]he car of today, with engineering emphasis placed upon the power and

speed of an automobile's engine, is a crippling, if not lethal, weapon in the hands of an irresponsible driver." *Id.* at 671, 271 N.W.2d at 400. The court further noted that "[i]n view of the danger to property and person the public rightfully demands freedom from reckless motor vehicle operators" by means of sec. 343.44. *Id.*

The condition of bond that Dennis not drive without a valid license is similarly justified. An unlicensed driver, especially a driver with similar charges pending for the same offense, has a strong incentive to flee from an officer given the potential consequences of conviction.

Dennis would also have us hold that the charge of bail jumping is violative of the state and federal prohibitions against double jeopardy. The United States Constitution's fifth amendment double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. *Harrell v. State,* 88 Wis. 2d 546, 554, 277 N.W.2d 462, 464 (Ct. App. 1979) (citing *Benton v. Maryland,* 395 U.S. 784, 794 (1969)).

> The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. ... The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and

insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Berry v. State,* 90 Wis. 2d 316, 322, 280 N.W.2d 204, 207 (1979) (quoting *Green v. United States,* 355 U.S. 184, 187–88 (1957)).

■

Three interests are protected by the double jeopardy provision: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Wilson,* 420 U.S. 332, 343 (1975) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). None of these interests are implicated here. Dennis is charged only with bail jumping and not with the underlying charge of driving after revocation. Thus, only one prosecution and one punishment is possible, and the double jeopardy argument necessarily fails.

■

Similarly, Dennis contends that the bail jumping charge violates his state and federal rights to equal protection of the law. He argues that the imposition of two convictions and two punishments would subject him to disparate treatment in relation to non-bailees. Since he has been charged with only one offense, we see no merit in his contentions.

*By the Court.*—Judgment reversed.