STATE of Wisconsin, Plaintiff-Respondent,

v.

William BADZMIEROWSKI, Surety-Appellant,†

Thomas F. GRACE, Defendant.

Court of Appeals

*No. 92-0058. Submitted on briefs September 14, 1992.—Decided September 23, 1992.*

(Also reported in 490 N.W.2d 784.)

†Petition to review denied.

On behalf of the surety-appellant, the cause was submitted on the briefs of *Leonard G. Adent* and *Amy L. Peterson* of the *Law Offices of Leonard G. Adent* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Phillip A. Koss,* district attorney.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. William Badzmierowski, the surety of defendant Thomas F. Grace, appeals from the trial court's judgment of bail forfeiture based on sec. 969.13(1), Stats.[1] The issue is whether forfeiture can be ordered under the statute when Grace attended every

---

[1]Badzmierowski argues that the trial court based its forfeiture order on sec. 969.08(2), Stats., which only allows a court to

court appearance but violated other conditions of his bond. Badzmierowski argues that the statute allows forfeiture only if Grace failed to appear in court. We conclude that the statute's plain meaning mandates forfeiture when Grace violates any bond condition. We affirm.

This appeal stems from Grace's arrest in Walworth county on August 24, 1990 for allegedly breaking into the home of Laura C. The criminal complaint listed three misdemeanors, including attempted battery with a dangerous weapon, disorderly conduct, and criminal trespass.

At the initial appearance, the trial court expressed concern about releasing Grace pending a competency determination. Badzmierowski, Grace's foster father, assured the trial court that Grace would be well supervised twenty-four hours a day. After setting bail at $10,000, the trial court carefully outlined other conditions of release to both Badzmierowski and Grace. Grace was ordered to be under house arrest at Badzmierowski's residence, not to leave the premises except to attend church or medical appointments under Badzmierowski's supervision, and to stay away from Laura C. Badzmierowski posted the $10,000, and Grace was released.

Shortly thereafter on September 8, Grace slipped out of Badzmierowski's home in the middle of the night. He broke into Laura C.'s residence and severely beat her and a roommate with a fireplace poker. After he was arrested, the state asked that bond be revoked. This was later amended to include bail forfeiture. The trial court granted both requests.

The issue here involves the application of a statute to an undisputed set of facts. Statutory interpretation is

revoke release for violating a bond condition. The record does not support this contention, and we discuss it no further.

a question of law which we review without deference to the trial court's decision. *Pulsfus Poultry Farms, Inc. v. Town of Leeds,* 149 Wis. 2d 797, 803-04, 440 N.W.2d 329, 332 (1989).

Well-settled rules of statutory construction guide our analysis of sec. 969.13(1), Stats. Principal among them is that the purpose of statutory interpretation is to ascertain and give effect to the legislative intent. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129, 135 (1980). In determining legislative intent, we must first look to the statute's language. If the meaning is clear on its face, we will not look outside the statute in applying it. *Wisconsin Elec. Power Co. v. Public Serv. Comm'n,* 110 Wis. 2d 530, 534, 329 N.W.2d 178, 181 (1983). If the language is ambiguous, we will seek to determine the legislative intent by examining the scope, history, context, subject matter, and object of the statute. *Midland Fin. Corp. v. Department of Revenue,* 116 Wis. 2d 40, 46, 341 N.W.2d 397, 400 (1983).

A plain reading of the statute shows that forfeiture was properly ordered. Section 969.13(1), Stats., reads:

> If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited.

Badzmierowski argues that the phrase "conditions of the bond" speaks only to Grace's appearance in court and not to other conditions such as those which are part of house arrest. We disagree. The statute does not mention any such distinction, and we refuse to read one into it. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 116, 260 N.W.2d 25, 30 (1977).

■ In fact, contrary to Badzmierowski's argument, the lack of limiting language tells the reader that *all* bond conditions must be obeyed. As such, the intent was to allow bail forfeiture for *any* noncompliance. When Grace disobeyed the conditions of the house arrest, he violated a condition of bond under the statute and was subject to bail forfeiture.

Even if the statute were ambiguous, the same conclusion would be reached. From 1925 to 1969, the forfeiture statute was renumbered three times but the substantive language stayed the same. In contrast to the current statute, the legislature only allowed forfeiture for failure to appear. *See* sec. 361.10, Stats. (1925); sec. 354.06, Stats. (1949); sec. 954.06, Stats. (1967). We can presume that when the legislature changed the language, it intended to expand the statute's reach to include situations such as the instant case. *See, e.g., Wolf v. J.I. Case Co.,* 617 F. Supp. 858, 865 (E.D. Wis. 1985).

Other statutes within ch. 969, Stats., reinforce our interpretation. Section 969.01, Stats., mandates certain bond conditions such as court appearance. Given this, court appearance is only one condition of bond. Moreover, secs. 969.02 and 969.03, Stats., give the courts power to impose both monetary and non-monetary conditions of bond. *See also State v. Dennis,* 138 Wis. 2d 99, 102–04, 405 N.W.2d 711, 713 (Ct. App. 1987) (court of appeals referring to non-monetary "conditions of bond" imposed under ch. 69, Stats.).

■ Our determination also accords with the object of conditional release. Courts routinely impose both monetary and non-monetary conditions to accomplish two goals: (1) to ensure the defendant's appearance, and (2) to protect members of the community. *See* secs. 969.01,

969.02, and 969.03, Stats. Were the courts only allowed to order forfeiture when a defendant fails to appear, the second of these goals would be substantially undermined.

*By the Court.*—Judgment affirmed.