STATE of Wisconsin, Plaintiff-Respondent,

v.

Hou Erik VANG, Defendant-Appellant.

Court of Appeals

*Nos. 2009AP2162, 2009AP2163.*
*Submitted on briefs May 5, 2010.—Decided July 7, 2010.*

2010 WI App 118

(Also reported in 789 N.W.2d 115.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John L. Sesini* of *Grzeca Law Group, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J.   Hou Vang appeals an order denying his motion to withdraw his no contest pleas to second-degree sexual assault of a child and felony bail jumping. Vang argues WIS. STAT. §§ 971.08(1)(c), (2)[1] entitle him to withdraw his pleas because, although the circuit court provided the statutory deportation warning at his arraignment, it failed to give the warning at the plea hearing. We agree and reverse.

## BACKGROUND

¶ 2.   Vang was admitted to the United States as a refugee in 1987 and later granted permanent resident status. On February 21, 2005, he was arraigned on

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

sexual assault and bail jumping charges in Brown County. Immediately upon calling the case, the circuit court provided Vang the deportation warning specified in Wis. Stat. § 971.08(1)(c). Approximately six months later, on August 15, 2005, the court accepted Vang's no contest pleas without re-advising Vang of the potential deportation consequences.

¶ 3. In April 2009, the Department of Homeland Security initiated removal proceedings against Vang based on his sexual assault conviction.[2] Vang then moved the circuit court to withdraw his pleas pursuant to Wis. Stat. § 971.08(2), because the court did not give the deportation warning at Vang's plea hearing. The court denied Vang's motion, explaining:

> Nowhere in § 971.08 does the statute provide that this [warning] must be [provided] at the time that the plea is being entered.
>
> It has been this Court's practice to advise Defendants early on of the possible consequences of the plea so that if they have any questions, they may adequately consider them before entering the plea. In this case, Mr. Vang was advised at the time that he was arraigned of the consequences of a plea of guilty or no contest. This gave Mr. Vang considerable advance notice before entering the plea that issues of deportation . . . should be investigated if applicable.[3]

---

[2] It appears Vang's plea to the bail jumping charge was not a basis for the deportation proceedings. Because neither party addresses this issue on appeal, on remand the circuit court shall determine whether it is appropriate to permit plea withdrawal on that charge.

[3] We recognize the circuit court's procedure here was well-intentioned. Our holding does not prohibit courts from encouraging defendants and their counsel to consider potential deportation consequences early in a case.

## DISCUSSION

¶ 4.    WISCONSIN STAT. § 971.08 provides, in relevant part:

> (1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:

> (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

> (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

> (c) Address the defendant personally and advise the defendant as follows:  "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

> . . . .

> (2) If a court fails to advise a defendant as required by sub. (1)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds.

The State argues the subsec. (1) language, "[b]efore the court accepts a plea of guilty or no contest," permits a circuit court to provide the § 971.08(1)(c) deportation warning at any time prior to acceptance of the plea.

255

¶ 5. Whether the circuit court complied with WIS. STAT. § 971.08(1)(c) involves the interpretation and application of that statute. This presents a question of law that we decide without deference to the trial court's decision. *See State v. Baeza*, 174 Wis. 2d 118, 123, 496 N.W.2d 293 (Ct. App. 1993).

> The purpose of statutory interpretation is to determine what a statute means in order to give the statute its full, proper, and intended effect. We begin with the statute's language because we assume that the legislature's intent is expressed in the words it used. Generally, language is given its common, ordinary, and accepted meaning. In addition, statutory language is interpreted in the context in which it is used, in relation to the language of surrounding or closely related statutes, and interpreted to avoid absurd or unreasonable results.

> If the meaning is plain, we ordinarily stop the inquiry. However, if a statute is ambiguous, we examine extrinsic sources, such as legislative history, to ascertain the legislative intent. A statute is ambiguous if the statute's ability to support two reasonable constructions creates an ambiguity which cannot be resolved through the language of the statute itself.

*Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶¶ 16–17, 290 Wis. 2d 421, 714 N.W.2d 130 (punctuation and citations omitted).

¶ 6. The State argues the meaning of the phrase "before the court accepts a plea" is clear and unambiguous. Citing dictionary definitions, the State observes "before" means earlier or preceding or previous in time. It further emphasizes there are no limiting words restricting or specifying how long prior to the acceptance of a plea the immigration advice may be provided.

The State argues that in the absence of any limiting language, the provision applies to all situations fairly included within its terms, citing *State v. Badzmierowski*, 171 Wis. 2d 260, 263–64, 490 N.W.2d 784 (Ct. App. 1992), and *Hanson v. Eichstaedt*, 69 Wis. 538, 545–46, 35 N.W. 30 (1887). Finally, the State claims Vang's interpretation, that the deportation warning must be given at the plea hearing, requires that we insert the term "immediately" in front of "before" in the statute.

¶ 7. We reject the State's arguments—although we agree WIS. STAT. § 971.08(1)'s meaning is clear and unambiguous. Given the provision's placement within the statute, the context requires circuit courts to give the deportation advisement at the plea hearing. The language in subsec. (1) applies not only to the para. (1)(c) requirement, but also to those set forth in paras. (1)(a) and (1)(b). The meaning cannot change on a case-by-case basis depending upon which paragraph the language is being applied to. Subsection (1) has long been interpreted as requiring the circuit court to perform the statutory duties at the plea hearing. *See State v. Bangert*, 131 Wis. 2d 246, 267, 269, 389 N.W.2d 12 (1986) (discussing a prior version of § 971.08, before addition of the deportation provisions[4]). In *Bangert*, the court explicitly held:

> Whether the trial court communicates the elements of the crime at the plea hearing or whether the court refers to a document or portion of the record predating the plea hearing, the operative time period for determining the defendant's understanding of the nature of the charge [pursuant to § 971.08(1)(a)] remains the

---

[4] *See* 1985 Wis. Act 252.

> plea hearing itself. The defendant must understand the nature of the crime at the time of the taking of the plea.

*Id.* at 269. The State cites no case where § 971.08(1) was construed to permit circuit courts to discharge their duties at any time other than the plea hearing.

¶ 8.   We also reject the State's assertion that providing the deportation advisement six months prior to the plea hearing falls into the category of "situations fairly included within" the statute's terms. To permit such an interpretation, we would need to insert the phrase "at any time" preceding "before" in WIS. STAT. § 971.08(1). While "before" may not always mean *immediately* preceding, the word does generally imply a limited temporal relationship between events.[5] Here, § 971.08(1)(c) is intended to apprise a defendant of an important consequence prior to pleading to a crime. To effectuate that intent, "before" must be interpreted as having a limited temporal component. Early in a case, when a defendant may know little about the strength of the State's case or the potential penalties upon conviction, a defendant may simply dismiss the deportation advisement without thought, not believing a guilty or no contest plea will be entered.

¶ 9.   Conversely, it is unnecessary to insert the term "immediately" to interpret the provision as requiring discharge of the court's duties at the plea hearing. There is simply no need to discharge the WIS. STAT. § 971.08(1)(a)-(c) duties unless and until there is a plea hearing. Doing so would be an exercise in futility in every case where the defendant proceeds to trial. Further, the para. (1)(a) voluntariness requirement, by its

---

[5] Consider the following example, which tracks the language of the statute:  Before the court accepted Vang's no contest plea, it advised him it could result in his deportation.

nature, would always have to be repeated at the plea hearing to account for the possibility of intervening events. Thus, the State's interpretation is unreasonable.

¶ 10.   Further, as the State acknowledges, our supreme court has repeatedly listed the deportation warning as one of the duties that must be discharged *at* the plea hearing. *See State v. Hoppe,* 2009 WI 41 ¶ 18, 317 Wis. 2d 161, 765 N.W.2d 794; *State v. Brown,* 2006 WI 100, ¶ 35, 293 Wis. 2d 594, 716 N.W.2d 906. The State stresses, however, that those cases relied on *State v. Douangmala,* 2002 WI 62, ¶ 19, 253 Wis. 2d 173, 646 N.W.2d 1, which merely observed the statute "requires the circuit court to give a defendant advice about deportation before accepting a plea of guilty or no contest." The State claims the court in *Douangmala* "ruled the circuit court failed to comply with the statutory mandate by failing 'to discuss with the defendant the issue of deportation at all prior to or during the plea hearing.' " (Citing *id.,* ¶ 20.)

¶ 11.   The State's claim seemingly ignores *Douangmala*'s holding. The court there stated:

> This case presents the following question:   If a circuit court fails to give the deportation warning required by § 971.08(1)(c), *when accepting* a guilty or no-contest plea, is a defendant entitled to withdraw the plea later upon a showing that the plea is likely to result in the defendant's deportation, regardless of whether the defendant was aware of the deportation consequences of the plea at the time the defendant entered the plea?[6]

*Id.,* ¶ 3 (footnoted omitted; emphasis added). Further, the language the State quotes from paragraph twenty

---

[6] The court answered yes. *State v. Douangmala,* 2002 WI 62, ¶ 4, 253 Wis. 2d 173, 646 N.W.2d 1.

as the "ruling" is merely a casual observation presented out of context. This is the complete quote:

> The circuit court failed to comply with th[e] statutory mandate when it did not address the defendant personally to advise him in the words set forth in Wis. Stat. § 971.08(1)(c) of the deportation consequences of the plea. Indeed, the circuit court failed to discuss with the defendant the issue of deportation at all prior to or during the plea hearing.

*Id.*, ¶ 20.

¶ 12. Thus, while the State is correct that none of the three cited cases specifically addressed whether it was acceptable to give the deportation advisement prior to the plea hearing, its contention that *Douangmala* left the door open is overstated at best. Regardless whether our supreme court's pronouncements in *Hoppe* and *Brown* could be considered dicta, that the court has repeatedly assumed the warning must be given at the plea hearing further supports our interpretation of the statute. Further, our supreme court recently held "the court of appeals may not dismiss a statement from an opinion by [the supreme] court by concluding that it is dictum." *Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶ 58, 324 Wis. 2d 325, 782 N.W.2d 682.

¶ 13. Next, the State argues Vang waived any right to have the court inform him at the plea hearing of the immigration consequences of his pleas, asserting Vang expressly relinquished his right to such advice. The State represents that after the court discharged other mandatory plea colloquy duties, including those specified in Wis. Stat. § 971.08(1)(a), (b), "the court asked if Vang requested any further plea colloquy. Vang said no." (Record citations omitted.) The State mis-

states the record. The court inquired of Vang's attorney, and it was the attorney who responded.[7]

¶ 14.   In any case, we hold that, at the plea hearing, defendants may neither waive nor forfeit their right to plea withdrawal pursuant to WIS. STAT. § 971.08(2). Indeed, the State mischaracterizes the issue when it argues Vang waived his right to the warning. The duty set forth in WIS. STAT. § 971.08(1)(c) is imposed solely on the circuit court. A defendant's action or inaction cannot alter that duty. Section 971.08(2) provides for a specific remedy when a defendant "later shows that the plea is likely to result in the defendant's deportation . . . ." The statute anticipates that the motion to vacate the judgment and withdraw the plea will be submitted following a qualifying event in the future and reserves the right to defendants who demonstrate they have suffered the particular harm.

¶ 15.   Finally, we reiterate our caution to circuit courts to recite with precision the statutory admonition. In this case, the court nearly, but not quite, stated the deportation warning as prescribed by the statute. In *State v. Garcia*, 2000 WI App 81, ¶ 16, 234 Wis. 2d 304, 610 N.W.2d 180, *overruled on other grounds by Douangmala*, 253 Wis. 2d 173, ¶ 42, we observed:

WIS[CONSIN] STAT. § 971.08(1)(c) is clear in its directive to the trial courts of this state. The statute not only commands what the court must personally say to the

---

[7] We recognize Vang's attorney at the plea hearing had the similar name Yang, but the hearing transcript refers to Vang as "THE DEFENDANT" and to attorney Yang as "MR. YANG." Thus, the transcript clearly indicates it was Vang who responded to the circuit court's prior questions and his attorney who responded to the question regarding further plea colloquy.

defendant, but the language is bracketed by quotation marks, an unusual and significant legislative signal that the statute should be followed to the letter. While harmless error is sometimes a safety net for trial courts, it is not always a guarantee. We urge all trial courts to follow the express mandate of § 971.08(1)(c).

In *Douangmala*, 253 Wis. 2d 173, ¶ 21, the Wisconsin Supreme court agreed with our observation. It also expressly overruled *Garcia*'s holding that § 971.08(1)(c) was subject to the harmless error rule. *Douangmala*, 253 Wis. 2d 173, ¶ 42.

*By the Court.*—Order reversed.