# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP55 |
| COMPLETE TITLE: | State of Wisconsin, |
| |         Plaintiff-Respondent, |
| |    v. |
| | Andres Romero-Georgana, |
| |         Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 347 Wis. 2d 549, 830 N.W.2d 722
(Ct. App. 2013 – Unpublished)

| | |
|---|---|
| OPINION FILED: | July 23, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 3, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Brown |
|   JUDGE: | Kendall M. Kelley |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | BRADLEY, J., ABRAHAMSON, C.J., dissent. (Opinion filed.) |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *Sara Kelton Brelie* and *Byron C. Lichstein*, and law student *Diana Eisenberg*, and *Frank J. Remington Center, University of Wisconsin Law School*, Madison. Oral argument by *Sara Kelton Brelie*.


For the plaintiff-respondent, the cause was argued by *William L. Gansner*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP55

(L.C. No. 2006CF379)

STATE OF WISCONSIN           :           IN SUPREME COURT

**State of Wisconsin,**

    **Plaintiff-Respondent,**

  **v.**

**Andres Romero-Georgana,**

    **Defendant-Appellant-Petitioner.**

**FILED**

**JUL 23, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 DAVID T. PROSSER, J. This is a review of an unpublished decision of the court of appeals.[1] The issue presented has been framed by the defendant as whether the defendant is "entitled to an evidentiary hearing based on his Wis. Stat. § 974.06 motion alleging ineffective assistance of postconviction counsel for failing to raise a strong argument for plea withdrawal[.]"

_____

[1] State v. Romero-Georgana, No. 2012AP55, unpublished slip op. (Wis. Ct. App. Mar. 19, 2013).

¶2 This somewhat innocuous statement of the issue requires the court to conduct a wide-ranging discussion of postconviction procedure before it determines whether the defendant's Wis. Stat. § 974.06 (2011-12)[2] motion provides a sufficient reason for failing to bring his present claims in an earlier postconviction proceeding and whether the § 974.06 motion alleges sufficient facts that, if true, would entitle the defendant to relief. As is often the case, the procedural history is crucial to the court's conclusions.

¶3 We conclude the following.

¶4 First, a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought. See State v. Starks, 2013 WI 69, ¶6, 349 Wis. 2d 274, 833 N.W.2d 146. However, in evaluating the comparative strength of the claims, reviewing courts should consider any objectives or preferences that the defendant conveyed to his attorney. A claim's strength may be bolstered if a defendant directed his attorney to pursue it.

¶5 Second, the defendant has not offered a sufficient reason in his third postconviction motion for failing to raise his § 974.06 claim in his second postconviction motion. Without a sufficient reason, a defendant may not bring a claim in a

---

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

2

§ 974.06 motion if that claim "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal." State v. Escalona-Naranjo, 185 Wis. 2d 168, 173, 517 N.W.2d 157 (1994).  Consequently, the defendant's claim is barred.

¶6    Third, even if the § 974.06 motion were not barred on "sufficient reason" grounds, the motion does not allege sufficient facts that, if true, would entitle the defendant to relief.  The defendant failed to allege that the plea withdrawal claim was clearly stronger than the resentencing claim.  He does not specifically state which postconviction attorney was ineffective and instead makes an ambiguous reference to "postconviction counsel."  The motion then focuses almost exclusively on trial counsel and does not provide facts regarding postconviction counsel's performance.  Consequently, the defendant's motion falls far short of what is required, and the circuit court properly determined that he is not entitled to an evidentiary hearing.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶7    On April 7, 2006, the State filed a complaint charging Andres Romero-Georgana (Romero-Georgana) with first-degree sexual assault of a child under the age of 13 contrary to Wis. Stat. § 948.02(1) (2005-06).  The complaint alleged that Romero-Georgana had sexual contact with the seven-year-old daughter of the woman with whom he was in a relationship.  On May 17, 2006, assistant state public defender Carrie LaPlant (Attorney LaPlant) was appointed to represent Romero-Georgana.  On May 26, 2006, Romero-Georgana waived his right to a preliminary

3

examination, and an information repeating the charge in the complaint was filed that day. On June 23, 2006, Romero-Georgana entered a plea of not guilty before Brown County Circuit Judge J.D. McKay. At this arraignment, Judge McKay scheduled the case for trial and informed Romero-Georgana, "If you're not a citizen of this country, a conviction could lead to your deportation."[3]

¶8 On October 20, 2006, Romero-Georgana completed an English and Spanish Plea Questionnaire/Waiver of Rights form in which he pled no contest to first-degree sexual assault of a child. As part of the plea agreement, the State agreed not to file any additional charges against the defendant and agreed not to make any specific sentencing recommendation. At a plea hearing on November 17, 2006, Romero-Georgana entered a no-contest plea with the aid of an interpreter. The court accepted Romero-Georgana's plea and found him guilty of first-degree sexual assault of a child under the age of 13.

¶9 At the plea hearing, the circuit court failed to advise Romero-Georgana that he could be deported as a result of his plea, as required by Wis. Sat. § 971.08(1)(c) (2005-06). The pertinent portion of the statute provides that before accepting a plea of guilty or no contest, the court shall:

> Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion

---

[3] There was an interpreter assisting at the arraignment.

from admission to this country or the denial of naturalization, under federal law."

Wis. Stat. § 971.08(1)(c) (2005-06).

¶10 Romero-Georgana's plea came more than four years after this court decided State v. Douangmala, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1, a case in which this court emphasized the importance of the statutory requirement to advise the defendant about possible deportation as well as the statutory remedy of plea withdrawal.  See Wis. Stat. § 971.08(2) (2005-06).

¶11 On January 19, 2007, Judge McKay sentenced Romero-Georgana to 12 years of initial confinement and four years of extended supervision.  At the sentencing hearing, Attorney LaPlant stated: "We fully expect that as soon as he is released from custody, whenever that may be, that he will be deported back to Mexico.  And he does want that to happen.  He does want to return home as soon as he can."

¶12 Unfortunately, in sentencing Romero-Georgana, the court failed to consider the sentencing guidelines on the record as was then required by Wis. Stat. § 973.017(2)(a) (2007-08). See State v. Grady, 2007 WI 81, 302 Wis. 2d 80, 734 N.W.2d 364. The remedy for failure to comply with § 973.017(2)(a) (2007-08) was resentencing.

¶13 After judgment of conviction was filed on January 23, 2007, Romero-Georgana filed a notice of intent to pursue postconviction relief, and he requested appointment of postconviction counsel.  Assistant state public defender Suzanne

5

Hagopian (Attorney Hagopian) was appointed to represent Romero-Georgana in postconviction and appellate proceedings.

¶14 Several weeks later, on March 20, 2007, the U.S. Department of Justice Immigration and Naturalization Service (INS) sent an Immigration Detainer——Notice of Action form to Dodge Correctional Institution where Romero-Georgana was serving his sentence. The form advised the institution that INS had started an investigation to determine whether Romero-Georgana was subject to deportation and required that INS be notified at least 30 days before Romero-Georgana was released.

### A. First Postconviction Motion and Appeal

¶15 On June 11, 2007, Attorney Hagopian filed a motion for extension of time to file a postconviction motion or notice of appeal. In the motion, Attorney Hagopian stated that she had met with Romero-Georgana and, with the help of an interpreter, discussed two possible postconviction claims: one regarding the validity of the no-contest plea and the other for resentencing based on the court's failure to go through the sentencing guidelines on the record.

¶16 On July 20, 2007, Romero-Georgana filed a postconviction motion pursuant to Wis. Stat. § (Rule) 809.30(2)(h) (2007-08) seeking resentencing or sentence modification in the alternative. The postconviction motion alleged that the sentencing court failed to consider the relevant sentencing guidelines, as required under Wis. Stat. § 973.017(2)(a) (2007-08) and Grady, 302 Wis. 2d 80, which had

been decided less than a month earlier.  The motion did not mention any defect in the plea colloquy.

¶17 On August 23, 2007, the circuit court held a hearing and denied Romero-Georgana's postconviction motion.  Attorney Hagopian filed a notice of appeal on August 29, 2007.

¶18 On April 22, 2008, the court of appeals issued an order reversing the judgment and remanding the case for resentencing because Judge McKay failed to consider the sentencing guidelines on the record.  State v. Romero-Georgana, No. 2007AP2042-CR, unpublished order (Wis. Ct. App. Apr. 22, 2008).  Soon after the court of appeals issued its decision, Attorney Hagopian sent Romero-Georgana a letter explaining the decision and informing him of his right to judicial substitution.  Several weeks later, Attorney Hagopian spoke to Romero-Georgana on the phone and discussed judicial substitution.  With the help of an interpreter, Attorney Hagopian told Romero-Georgana that he should discuss judicial substitution with the attorney who would represent him at resentencing.

¶19 Assistant state public defender William FitzGerald (Attorney FitzGerald) was appointed to represent Romero-Georgana at resentencing.  Attorney FitzGerald received a letter from Romero-Georgana on May 29, 2008, stating that Romero-Georgana wanted to substitute his judge.  On May 30, 2008, Attorney FitzGerald filed a motion requesting a judicial substitution.  A judicial assignment order was filed on June 6, 2008, in which

7

Brown County Circuit Judge Kendall M. Kelley was substituted for Judge McKay.

¶20  On October 1, 2008, Judge Kelley held a resentencing hearing, and, based in part on a recommendation in the presentence investigation, sentenced Romero-Georgana to 20 years of initial confinement and eight years of extended supervision. A revised judgment of conviction for first-degree sexual assault of a child under the age of 13 was filed on October 2, 2008.  On the same day, Attorney FitzGerald filed Romero-Georgana's notice of intent to pursue postconviction relief.

### B. Second Postconviction Motion and Appeal

¶21 Attorney Tajara S. Dommershausen (Attorney Dommershausen) represented Romero-Georgana in postconviction and appellate proceedings.  On March 24, 2009, she filed a Wis. Stat. § 974.02 (2009-10)[4] postconviction motion on behalf of Romero-Georgana.  The motion alleged that Attorney Hagopian had provided ineffective assistance of counsel for failing to inform

---

[4] Wisconsin Stat. § 974.02(1) (2009-10) states:

A motion for postconviction relief other than under s. 974.06 or 974.07(2) by the defendant in a criminal case shall be made in the time and manner provided in s. 809.30.  An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3) and 809.30. An appeal of an order or judgment on habeas corpus remanding to custody a prisoner committed for trial under s. 970.03 shall be taken under ss. 808.03(2) and 809.50, with notice to the attorney general and the district attorney and opportunity for them to be heard.

8

Romero-Georgana that on resentencing, Judge McKay would not be able to increase his sentence (absent a new factor) but if Judge McKay were substituted, the new judge could impose a longer sentence without having to justify the increase in time. The postconviction motion did not allege that Attorney Hagopian was ineffective for failing to move for plea withdrawal.

¶22 On June 5, 2009, Judge Kelley held a hearing on the postconviction motion and determined that neither Attorney Hagopian nor Attorney FitzGerald was ineffective in advising Romero-Georgana about judicial substitution. Judge Kelley issued a written order denying the postconviction motion on July 15, 2009. Attorney Dommershausen filed a notice of appeal on July 21, 2009.

¶23 On November 19, 2009, Attorney Dommershausen filed a notice of no-merit appeal pursuant to Wis. Stat. § (Rule) 809.30(2)(a) (2009-10), and she filed a no-merit report on March 2, 2010. After considering the no-merit report, the court of appeals affirmed the circuit court's judgment in a decision filed on September 9, 2010.

¶24 In its decision, the court of appeals mentioned that Romero-Georgana had filed a response[5] to Attorney Dommershausen's no-merit report in which he "raise[d] an issue regarding his initial no contest plea." The court of appeals limited its review to the resentencing issue and determined that because

---

[5] Romero-Georgana's response to Attorney Dommershausen's no-merit report is not in the record.

Romero-Georgana did not raise the issue relating to the no-contest plea in his initial appeal, he forfeited that claim. Romero-Georgana petitioned this court for review, which we denied in an order filed December 8, 2010.

### C. Third Postconviction Motion and Appeal

¶25  On September 2, 2011, Romero-Georgana filed a pro se motion under Wis. Stat. § 974.06.   In the § 974.06 motion, Romero-Georgana stated that he is a Mexican native and is not a citizen of the United States.  He alleged that "[p]ostconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate when it did not address Romero-Georgana personally to advise him in the words set forth in Wis. Stat. 971.08(1)(c) of the deportation consequences of his no contest plea . . . ."  The § 974.06 motion alleged that when Romero-Georgana completed the plea questionnaire, he did not fully understand what he was signing because of his poor English, inadequate interpreters, and Attorney LaPlant's failure to advise him of the deportation risk.   Romero-Georgana alleged that he would have pled not guilty had he known that he could be deported.

¶26 The Wis. Stat. § 974.06 motion also alleged that "[p]ostconviction counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel for failing to fully explain the deportation consequences of his no contest plea . . . ."[6]  Romero-Georgana attached an Immigration Detainer—

---

[6] Romero-Georgana concedes in his brief that he cannot prevail on this claim and has therefore abandoned it.

—Notice of Action that indicated that an investigation had been initiated to determine whether Romero-Georgana was subject to deportation.

¶27  In a decision and order filed on December 22, 2011, Judge Kelley denied Romero-Georgana's § 974.06 motion.  The circuit court concluded that the § 974.06 motion did not contain sufficient factual allegations to entitle Romero-Georgana to a hearing.  The court stated: "Although Romero-Georgana's allegations of the ineffectiveness of trial counsel are relevant to the analysis, he limits his argument to what happened on the trial level.  For the Court to analyze postconviction ineffectiveness, it needs facts pertaining to why postconviction counsel was ineffective."  Therefore, the court determined that Romero-Georgana was not entitled to an evidentiary hearing.

¶28  On January 9, 2012, Romero-Georgana filed a notice of appeal from his judgments of conviction and from the order denying his § 974.06 motion.  In a per curiam decision, the court of appeals affirmed the circuit court's order denying Romero-Georgana's § 974.06 motion without a hearing.  State v. Romero-Georgana, No. 2012AP55, unpublished slip op., ¶1 (Wis. Ct. App. Mar. 19, 2013).  The court of appeals determined that Romero-Georgana's § 974.06 motion contained only bare-bones assertions and did not demonstrate why the plea withdrawal claim was clearly stronger than the claims raised by Attorney

11

Hagopian.[7]  Id., ¶¶5-6.  Furthermore, the court concluded that Romero-Georgana's § 974.06 motion did not explain why the Escalona-Naranjo bar against successive postconviction motions did not apply.  Id., ¶7.

¶29 Romero-Georgana petitioned this court for review, which we granted on December 19, 2013.

## II. STANDARD OF REVIEW

¶30 Whether a Wis. Stat. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to de novo review.  State v. Kletzien, 2011 WI App 22, ¶¶9, 16, 331 Wis. 2d 640, 794 N.W.2d 920.  Similarly, whether a § 974.06 motion alleges sufficient facts to require a hearing is a question of law that this court reviews de novo.  State v. Balliette, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334.  If the motion does allege sufficient facts, "the circuit court must hold an evidentiary hearing."  State v. John Allen, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433 (citations omitted).  "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to

---

[7] The court of appeals did not address the appeals of the judgments of conviction and stated, "Because an appeal from an order under Wis. Stat. § 974.06 is not governed by Wis. Stat. [§ (Rule)] 809.30, the judgment of conviction is not the subject of this appeal."  State v. Romero-Georgana, No. 2012AP55, unpublished slip op., ¶1 n.1 (Wis. Ct. App. Mar. 19, 2013).

grant or deny a hearing."  Id. (citations omitted).  We review the circuit court's discretionary decision to grant or deny a hearing under the erroneous exercise of discretion standard. Id.

### III. DISCUSSION

¶31 Much of this court's time is devoted to cases involving postconviction claims that are filed after a defendant's appeal is over.  These claims require the court to apply fundamental principles of postconviction review, including the principle that finality is important in the criminal justice system.  Accordingly, not every mistake will justify relief.

¶32 Wisconsin Stat. § 974.06 "was 'designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired.'" Escalona-Naranjo, 185 Wis. 2d at 176 (quoting Howard B. Eisenberg, Post-Conviction Remedies in the 1970's, 56 Marq. L. Rev. 69, 79 (1972)).  Section 974.06 provides a mechanism for correcting errors when: (1) the sentence violated the United States or Wisconsin Constitution; (2) the court lacked jurisdiction to impose the sentence; or (3) the sentence exceeded the maximum or was "otherwise subject to collateral attack."  Wis. Stat. § 974.06(1); see Balliette, 336 Wis. 2d 358, ¶34.  A defendant may file a § 974.06 motion at any time "[a]fter the time for appeal or postconviction remedy provided in s. 974.02 has expired."  Wis. Stat. § 974.06(1)-(2). However, the following caveat applies:

13

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for <u>sufficient reason</u> was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4) (emphasis added).

¶33 Wisconsin Stat. § 974.06(4) promotes finality and efficiency by requiring defendants to bring all available claims in a single proceeding unless there exists a sufficient reason for not raising some claims in that initial proceeding. <u>Escalona-Naranjo</u>, 185 Wis. 2d at 185-86; see <u>State v. Aaron Allen</u>, 2010 WI 89, ¶40, 328 Wis. 2d 1, 786 N.W.2d 124 (citation omitted) ("The purpose behind Wis. Stat. § 974.06 is to avoid <u>successive</u> motions for relief by requiring a defendant to raise all grounds for relief in one motion.").

¶34 Thus, without a sufficient reason, a movant may not bring a claim in a § 974.06 motion if it "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal." See <u>Escalona-Naranjo</u>, 185 Wis. 2d at 173.

¶35 A defendant need not provide a "sufficient reason" for a claim cognizable under Wis. Stat. § 974.06 <u>if</u> the defendant did not file a motion under Wis. Stat. § 974.02 or a direct appeal. <u>State v. Lo</u>, 2003 WI 107, ¶44 n.11, 264 Wis. 2d 1, 665 N.W.2d 756; <u>Loop v. State</u>, 65 Wis. 2d 499, 222 N.W.2d 694 (1974). But if the defendant did file a motion under § 974.02

14

or a direct appeal or a previous motion under § 974.06, the defendant is barred from making a claim that could have been raised previously unless he shows a sufficient reason for not making the claim earlier. Lo, 264 Wis. 2d 1, ¶44.

¶36 In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal. Aaron Allen, 328 Wis. 2d 1, ¶85; see Balliette, 336 Wis. 2d 358, ¶62. If the defendant sufficiently alleges ineffective assistance of postconviction counsel as the reason for failing to raise an issue earlier, "[t]he trial court can perform the necessary factfinding function and directly rule on the sufficiency of the reason." Aaron Allen, 328 Wis. 2d 1, ¶85 (brackets in original) (quoting State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996)). Conversely, if the defendant fails to allege why and how his postconviction counsel was constitutionally ineffective——that is, if the defendant asserts a mere conclusory allegation that his counsel was ineffective——his "reason" is not sufficient.

¶37 To move beyond the initial prerequisites of Wis. Stat. § 974.06(4) and Escalona-Naranjo, and to adequately raise a claim for relief, a defendant must allege "sufficient material facts——e.g., who, what, where, when, why, and how——that, if true, would entitle [the defendant] to the relief he seeks." John Allen, 274 Wis. 2d 568, ¶2; see Balliette, 336 Wis. 2d 358, ¶¶58-60; State v. Bentley, 201 Wis. 2d 303, 314-18, 548

15

N.W.2d 50 (1996).    If he does so, the defendant is normally entitled to an evidentiary hearing.

¶38  In  sum,  because  Romero-Georgana's  § 974.06  motion alleges  that  his  postconviction  counsel  provided  ineffective assistance,  he  must  allege  facts  that  support  every  facet  of  his claim and that, if true, would entitle him to relief.

A. Ineffective Assistance of Postconviction Counsel

¶39  The  Sixth  and  Fourteenth  Amendments  to  the  United States  Constitution  guarantee  criminal  defendants  the  right  to effective  assistance  of  counsel.    Balliette,  336 Wis. 2d 358, ¶21.    To  state  a  claim  for  ineffective  assistance  of  counsel, the   defendant   must   demonstrate:   (1)   that   his   counsel's performance   was   deficient;   and   (2)   that   the   deficient performance was prejudicial.    Strickland v. Washington,  466 U.S. 668, 687 (1984).

¶40  To  prove  deficiency,  "the  defendant  must  show  that counsel's  representation  fell  below  an  objective  standard  of reasonableness."    Id. at 688.    The  defendant  must  overcome  the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."    Id. at 689.

¶41  To  prove  prejudice,  the  defendant  must  show  "that counsel's  errors  were  so  serious  as  to  deprive  the  defendant  of a  fair  trial,  a  trial  whose  result  is  reliable."    Id. at 687. The  prejudice  inquiry  asks  whether  "there  is  a  reasonable probability  that,  but  for  counsel's  unprofessional  errors,  the result  of  the  proceeding  would  have  been  different.    A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.[8]

¶42 Romero-Georgana's motion alleges that he received ineffective assistance of postconviction counsel because postconviction counsel failed to bring a claim that Romero-Georgana now wishes to assert.  This allegation is different from an allegation that postconviction counsel did not comply with the defendant's requests or instructions after trial or that postconviction counsel failed to bring any claims at all. Romero-Georgana acknowledges that his postconviction counsel brought claims; he contends now that postconviction counsel brought the wrong claims.

¶43 An allegation that postconviction counsel failed to bring a claim that should have been brought is an allegation that counsel's performance was constitutionally deficient, that it fell below the services required by an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-88.  How does a reviewing court evaluate such an allegation?

¶44 In Starks, 349 Wis. 2d 274, the court faced a situation in which postconviction counsel failed to file any post-trial motions, including a Wis. Stat. § 974.02 motion, in the circuit court but made numerous arguments on appeal.  Id., ¶4.  When postconviction counsel's performance was subsequently

---

[8] The Strickland analysis and the presumption of effective assistance apply to postconviction counsel.  State v. Balliette, 2011 WI 79, ¶28, 336 Wis. 2d 358, 805 N.W.2d 334.

attacked, this court disregarded counsel's nonperformance in the circuit court and instead evaluated his performance as "appellate counsel."  Id.

¶45 Starks adopted a "clearly stronger" standard in evaluating the performance of "appellate counsel."  Id., ¶6. That is, the court adopted the "clearly stronger" pleading standard for the deficiency prong of the Strickland test in Wisconsin for criminal defendants alleging in a habeas petition that they received ineffective assistance of appellate counsel due to counsel's failure to raise an issue.  Stated differently, the court said that "the defendant must show that 'a particular nonfrivolous issue was clearly stronger than issues that counsel did present.'"  Id., ¶59 (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)); see Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").

¶46 We think this "clearly stronger" standard is equally appropriate in evaluating the alleged deficiency in an attorney's performance as postconviction counsel when postconviction counsel is accused of ineffective assistance on account of his failure to raise certain material issues before the circuit court.  The "clearly stronger" standard is appropriate when postconviction counsel raised other issues before the circuit court, thereby making it possible to compare the arguments now proposed against the arguments previously made.  However, the clearly stronger standard may not be

18

adequate when counsel has valid reasons for choosing one set of arguments over another. These reasons may include the preferences, even the directives, of the defendant.

¶47 Turning to Romero-Georgana's § 974.06 motion, we first consider whether Romero-Georgana provided a sufficient reason for failing to bring his claims in his earlier postconviction motions. See Escalona-Naranjo, 185 Wis. 2d at 181-85. We then consider the allegations of ineffective assistance of postconviction counsel to determine whether Romero-Georgana has alleged sufficient facts that, if true, would entitle him to relief.

### B. Sufficient Reason

¶48 Romero-Georgana acknowledges that he must allege a sufficient reason for failing to raise his § 974.06 claim earlier. He correctly states that ineffective assistance of counsel may, in some cases, provide the requisite sufficient reason. From there, however, his argument veers off course. Romero-Georgana implies that his § 974.06 motion alleges a sufficient reason for failing to bring the claims earlier because the motion alleges that his postconviction counsel

(Attorney Hagopian)[9] was ineffective in failing to raise a claim for plea withdrawal pursuant to Wis. Stat. § 971.08(2).  At this point, Romero-Georgana focuses on the wrong attorney.

¶49  There were three postconviction motions in this case: (1) a postconviction motion filed pursuant to Wis. Stat. § (Rule) 809.30(2)(h) (2007-08) by Attorney Hagopian; (2) a Wis. Stat. § 974.02 (2009-10) motion filed by Attorney Dommershausen; and (3) a § 974.06 motion filed pro se by Romero-Georgana.

¶50  Attorney Hagopian's alleged ineffective assistance in filing the first postconviction motion <u>might</u> have been a sufficient reason for failing to bring the plea withdrawal claim.  It might not.  In any event, although Attorney Hagopian's alleged ineffective assistance is an underlying claim in the present Wis. Stat. § 974.06 motion, it does not explain or provide a sufficient reason for Attorney Dommershausen's failure in the second postconviction motion to argue that Attorney Hagopian was ineffective for failing to seek plea withdrawal in the first postconviction motion.

---

[9] Romero-Georgana's Wis. Stat. § 974.06 motion does not specify which of his two postconviction attorneys provided ineffective assistance.  Thus, we are uncertain as to where we should direct our analysis——a good indication that the motion contains fatal flaws.  Because Romero-Georgana's brief focuses on Attorney Hagopian, we assume, for the purpose of addressing Romero-Georgana's arguments, that he intended to allege in his § 974.06 motion that Attorney Hagopian provided ineffective assistance of counsel as the underlying claim.  However, in our analysis of the motion itself, we note that the reference to "postconviction counsel" is ambiguous and renders his motion insufficient.

¶51 These are not onerous demands. Romero-Georgana was required to allege two instances of ineffective assistance of postconviction counsel because his attorneys filed two prior postconviction motions that did not raise the issue now presented.[10] Moreover, the Brown County Circuit Court granted Romero-Georgana two evidentiary hearings on these motions——and he was present at both hearings——but the issue now presented was never brought up. In sum, Romero-Georgana was required to allege——in his third postconviction motion——that (1) Attorney Dommershausen was constitutionally ineffective in the second postconviction motion for failing to raise a claim about Attorney Hagopian's ineffectiveness for failing to bring a plea withdrawal claim in the first postconviction motion; and (2) Attorney Hagopian was constitutionally ineffective in the first postconviction motion for failing to raise the plea withdrawal claim.

¶52 The first required allegations (against Attorney Dommershausen), if properly pleaded, might provide the requisite sufficient reason for failing to bring the claim earlier. The

---

[10] Romero-Georgana must provide a sufficient reason for failing to bring the claims he now wishes to raise in an earlier postconviction proceeding. Because he offers no reason, and the only claims in his § 974.06 motion are for ineffective assistance of counsel, we assume that if he were to offer a sufficient reason, it would be Attorney Dommershausen's alleged ineffective assistance. It is possible that he had other reasons, but none were advanced. Thus, when we say Romero-Georgana was required to allege ineffective assistance of Attorney Dommershausen as a sufficient reason for failing to bring his claims earlier, we say that because we can see no other reason for failing to bring the present claim earlier.

21

second required allegations (against Attorney Hagopian), if properly pleaded, might provide grounds for relief. However, the required allegations have not been properly pleaded. The single statement in Romero-Georgana's present § 974.06 motion that "[p]ostconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate when it did not address Romero-Georgana personally to advise him in the words set forth in Wis. Stat. 971.08(1)(c) of the deportation consequences of his no contest plea . . . " is ambiguous and plainly deficient because it refers to only one attorney ("Postconviction counsel was") and does not even identify that attorney. Moreover, the statement is conclusory inasmuch as both attorneys made other arguments.

¶53 When a defendant has two attorneys that share the classification of "postconviction counsel," a general reference to "postconviction counsel" is not enough. Romero-Georgana's third postconviction motion was bound to fail if it did not allege and explain why his second postconviction motion did not make the claim he now seeks to make. Attorney Dommershausen is simply not mentioned. Since the § 974.06 motion does not offer a sufficient reason for failing to bring the current claim in the second postconviction motion, Romero-Georgana's motion is barred under § 974.06(4) and Escalona-Naranjo.

¶54 Having concluded that Romero-Georgana is barred from raising his current claims, we need not go any further. However, we will discuss briefly the insufficiency of Romero-

22

Georgana's § 974.06 motion to provide guidance for future movants.

### C. Sufficiency of Romero-Georgana's Allegations of Ineffective Assistance of Postconviction Counsel

¶55 Romero-Georgana faced an unusually complicated situation when he filed the third postconviction motion. His objective was to withdraw his plea of no contest and vacate the judgment against him on grounds that the circuit court made an error in the plea colloquy and that he is likely to be deported because of his conviction. This would have been a simple Bangert[11]-type motion if it had been filed shortly after Romero-Georgana's sentencing in January 2007. When he filed his pro se motion on September 2, 2011, however, he was required to justify the delay in making his claim. In this case, the strongest potential justification appears to be the alleged ineffective assistance of Attorney Dommershausen for failing to complain about the alleged ineffective assistance of Attorney Hagopian in raising Romero-Georgana's statutory right to withdraw his plea.

¶56 Because Romero-Georgana's claim is one of ineffective assistance of counsel, he was required to sufficiently allege that each attorney provided deficient representation and that each attorney's deficient performance prejudiced him. Strickland, 466 U.S. at 687.

---

[11] State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

23

¶57 In making his ineffective assistance of counsel claims,[12] Romero-Georgana had some difficult facts to overcome. First, as part of the plea deal, the State agreed not to bring additional charges against Romero-Georgana even though the complaint suggested that there were numerous occasions in which he committed sexual offenses against the victim. Thus, if Romero-Georgana had gone to trial after successful plea withdrawal, the State would have been free to bring additional charges. Second, Romero-Georgana's trial counsel stated at the initial sentencing that Romero-Georgana was eager to be deported, which conflicts with Romero-Georgana's current contention that he would not have entered a plea if he knew it could lead to deportation. Third, Attorney Hagopian said in a motion to the court that she discussed a potential claim regarding the validity of the no-contest plea, which suggests that she talked to Romero-Georgana about seeking plea withdrawal. Finally, Attorney Hagopian gave a valid reason for bringing the resentencing claim when she stated at the evidentiary hearing for the second postconviction motion that she thought, based on the sentencing guidelines, Romero-Georgana

---

[12] Although our analysis in this section focuses on the sufficiency of the underlying ineffective assistance of counsel claim against Attorney Hagopian, it applies also to the sufficient reason requirement. As discussed above, because Romero-Georgana did not offer any reason for failing to bring his present claim in his second postconviction motion, he did not adequately provide a sufficient reason for raising his claim of ineffective assistance of postconviction counsel in a § 974.06 motion.

24

would receive a shorter sentence at resentencing. In light of this factual backdrop, we turn to the motion to assess its sufficiency.

## 1. Deficient Performance

¶58 The clearly stronger standard applies to the deficiency prong of each required allegation of ineffective assistance of counsel in this case. Thus, to demonstrate that Attorney Hagopian's representation was deficient, Romero-Georgana was required to show that the plea withdrawal claim was clearly stronger than the resentencing claim. See Starks, 349 Wis. 2d 274, ¶59. He was required do so by alleging "sufficient material facts——e.g., who, what, where, when, why, and how—— that, if true, would entitle him to the relief he seeks." John Allen, 274 Wis. 2d 568, ¶2. The five "w's" and one "h" sometimes run together, but a sufficient motion will answer all six questions.

¶59 Romero-Georgana has failed to allege "who" his claim is about because his assertion ambiguously refers to a single "[p]ostconviction counsel." Although the motion indicates that Attorneys Hagopian and Dommershausen did represent Romero-Georgana, it does not specify whose conduct is at issue. Instead, the motion focuses on the wrong stage of the proceeding and discusses facts regarding trial counsel's alleged ineffectiveness. If Romero-Georgana wanted to make allegations against Attorney Hagopian, he should have done so specifically in his motion by stating that "Attorney Hagopian was ineffective" rather than ambiguously claiming that

25

"[p]ostconviction counsel was ineffective . . . ." As the motion is written, it does not sufficiently state "who" provided ineffective assistance.

¶60 The § 974.06 motion does allege broadly "what" conduct provides the basis for the ineffective assistance claim when it states, "Postconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate when it did not address Romero-Georgana personally to advise him . . . of the deportation consequences of his no contest plea." However, it does not tell the court what Attorney Hagopian did that made her failure to raise the plea withdrawal claim ineffective. Did she act contrary to his directive? Did she fail to advise him?

¶61 Furthermore, Romero-Georgana's § 974.06 motion does not sufficiently allege "where" or "when" the ineffective assistance occurred. It is unclear whether his allegations focus on the first postconviction proceeding or the second.

¶62 Similarly, the motion does not say "why" Attorney Hagopian was ineffective. The mere fact that Attorney Hagopian did not pursue a plea withdrawal claim does not demonstrate ineffectiveness because she could have had, and presumably did have, good reasons for not pursuing plea withdrawal. For example, Romero-Georgana could have told her to bring a claim for resentencing after Attorney Hagopian advised him of his options. Or, as the record suggests, Romero-Georgana might have wanted to be deported, and Attorney Hagopian believed he would receive less time on resentencing. We will not assume

26

ineffective assistance from a conclusory assertion; Romero-Georgana must say why the claim he wanted raised was clearly stronger than the claims actually raised.  His motion is devoid of any such explanation.

¶63 Finally, because Romero-Georgana's motion contains only conclusory allegations and almost no facts relating to the relevant postconviction counsel, he has not demonstrated "how" he would prove his claims at an evidentiary hearing.  Does he have copies or records of communications with his postconviction counsel to support his claim?  Who would testify on his behalf?  Blanket assertions of ineffective assistance are not sufficient to alert the court or opposing counsel how the defendant will prove his claim at a hearing, especially when the record contains facts that refute the crux of the defendant's argument.

¶64 In sum, defendants must allege sufficient facts in their § 974.06 motions so that reviewing courts do not grant frivolous hearings.  We will not read into the § 974.06 motion allegations that are not within the four corners of the motion.  Therefore, Romero-Georgana has failed to sufficiently allege that Attorney Hagopian was deficient.

¶65 Because we have determined that the § 974.06 motion does not allege sufficient facts to demonstrate that postconviction counsel was deficient, we do not need to consider whether the motion sufficiently alleged prejudice.  However, we consider prejudice briefly to provide guidance for future movants.

2. Prejudice

27

¶66 To demonstrate prejudice, Romero-Georgana's motion must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Romero-Georgana alleges in his § 974.06 motion that postconviction counsel was ineffective for failing to argue that the circuit court did not comply with Wis. Stat. § 971.08(1)(c) (2005-06) at the plea hearing. The plea hearing transcript is clear that the circuit court failed to advise Romero-Georgana of the deportation risk as required by Wis. Stat. § 971.08. Thus, Romero-Georgana likely could have withdrawn his plea if he had timely brought a § 971.08(2) motion.[13]

---

[13] Wisconsin Stat. § 971.08(2) provides in relevant part:

> If a court fails to advise a defendant as required by sub. (1)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea.

In his brief, Romero-Georgana discusses the standards for pleading under Wis. Stat. § 971.08(2) at length. However, because this case falls under Wis. Stat. § 974.06, the plea withdrawal claim under Wis. Stat. § 971.08 is relevant only to the question of prejudice in the context of Romero-Georgana's ineffective assistance claim against Attorney Hagopian. The State responded to Romero-Georgana's argument relating to § 971.08 by stating that "a response by the State to—and this court's consideration of—Argument section I of Romero-Georgana's brief is unnecessary. Had Romero-Georgana pursued a Wis. Stat. § 971.08(2) claim in a timely manner, he might well have prevailed on it."

¶67 However, the motion at issue is not a Wis. Stat. § 971.08(2) motion. In fact, at oral argument, Romero-Georgana's counsel explicitly stated that Romero-Georgana was arguing this case as a Wis. Stat. § 974.06 motion. Counsel said, "This court's order granting review specifically asked us to stay within the arguments made in the petition for review, and that did not include an argument that this case should be decided as a 971.08(2) motion by itself."[14] Therefore, because

---

[14] Justice Bradley asked at oral argument, "Why does 971.08(2) have to be a 974.06 motion at all?" Romero-Georgana's counsel responded:

> I believe that it could have been raised as a straight 971.08(2) motion. As this court knows we were appointed . . . after the petition for review was filed and the case had been decided up to that point under 974.06 and we believe that our client is entitled to relief on that basis, and so that's how we've construed the motion and argued it.

Chief Justice Abrahamson continued Justice Bradley's line of questioning and suggested that Romero-Georgana could have pursued an argument based on Wis. Stat. § 971.08. The Chief Justice then asked, "But you didn't take that position?" Romero-Georgana's counsel responded, "It's true your honor. We did not." Thus, despite being prodded at oral argument, Romero-Georgana was clear: he is not asking this court to construe his Wis. Stat. § 974.06 motion as a Wis. Stat. § 971.08(2) motion. Indeed, such a request would appear improper under the facts of this case and in light of the history of § 971.08(2). In the 1981-82 version of the Wisconsin Statutes, § 971.08(2) contained a time limit that stated, "The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction." Wis. Stat. § 971.08(2) (1981-82). The 120-day time limit was repealed in 1983 Wis. Act 219. A judicial council note explained:

> Section 971.08(2), stats., providing a 120-day time limit for withdrawing a guilty plea or a plea of no contest after conviction, is repealed as

29

Romero-Georgana never brought a Wis. Stat. § 971.08(2) motion or argued for plea withdrawal in previous postconviction motions, he must attempt to resuscitate that claim in the present Wis. Stat. § 974.06 motion.

¶68 A proper allegation of prejudice would state that Romero-Georgana would have told Attorney Hagopian to pursue the

---

unnecessary.  Withdrawal of a guilty plea or plea of no contest may be sought by postconviction motion under s. 809.30(1)(f), stats., or under s. 974.06, stats.

Judicial Council Note, 1983 Wis. Act 219, § 43.  The Judicial Council Note suggests that, in general, the proper method for raising § 971.08 plea withdrawal claims after conviction is through a motion under Wis. Stat. § (Rule) 809.30, Wis. Stat. § 974.02, or Wis. Stat. § 974.06.

In the present case, the notice that INS had started an investigation to determine whether Romero-Georgana was subject to deportation was dated March 20, 2007——four months before Attorney Hagopian filed the first postconviction motion.  In addition, the petitioner's brief demonstrates that Romero-Georgana's Final Administrative Removal Order from the Department of Homeland Security was dated October 22, 2007, and he appears to have received it on November 5, 2007——almost a year and a half before he filed his second postconviction motion.  When a defendant has notice that he is likely to be deported and subsequently brings postconviction claims unrelated to Wis. Stat. § 971.08(2), we think it would be unwise to allow him to bring his claim as a § 971.08(2) motion at a later time, although he may be able to bring his claim as a Wis. Stat. § 974.06 motion if he has a sufficient reason for the delay. Removing all time constraints on a Wis. Stat. § 971.08(2) motion would frustrate judicial efficiency by encouraging defendants to delay bringing those motions.  In the absence of a time limit, if a defendant were indifferent to deportation or wanted to be deported, the defendant would have incentive to keep a § 971.08(2) motion in his back pocket while pursuing relief on other grounds.  However, that issue is not before us.  In this case, we need only address Romero-Georgana's motion under Wis. Stat. § 974.06 because that is the motion he brought.

plea withdrawal claim if she had advised him that it was an option because he wanted to avoid deportation. That allegation would demonstrate that there is a reasonable probability that the proceedings would have been different if Attorney Hagopian had provided effective assistance of counsel. In the absence of that allegation, the § 974.06 motion alleges only that Romero-Georgana would not have pled had Attorney LaPlant informed him of the deportation consequences of his plea. Thus, the prejudice allegation is at the wrong stage of the proceeding. This is a subtle point, and we might have given Romero-Georgana, a pro se defendant, the benefit of the doubt had the rest of his § 974.06 motion been adequate. Because he did not allege a sufficient reason for raising his current claim earlier and because he did not sufficiently allege Attorney Hagopian's deficient performance, we do not need to determine whether he was prejudiced.

¶69 Although we liberally construe filings by pro se litigants, bin-Rilla v. Israel, 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983), there is a limit to our lenience. A reviewing court might avert its eyes from the flaws on the peripheries, but it will not ignore obvious insufficiencies at the center of a motion. Romero-Georgana has failed to sufficiently allege that Attorney Dommershausen was ineffective for failing to raise the ineffectiveness of Attorney Hagopian in the second postconviction motion. He has failed to sufficiently allege that Attorney Hagopian was ineffective for failing to

raise the issue of plea withdrawal in the first postconviction motion.

¶70 When proceedings arrive at the Wis. Stat. § 974.06 stage, the defendant's case has been heard; he has been represented by counsel; sometimes he has filed previous postconviction motions. He has progressed through proceedings designed to facilitate justice and finality. Thus, any claim of error must point particularly to the facts surrounding the alleged constitutional or jurisdictional flaws that supposedly vitiated the goals of the judicial system. Romero-Georgana's § 974.06 motion falls far short of what is required.

### D. Circuit Court's Exercise of Discretion

¶71 Because Romero-Georgana's motion is barred under Escalona-Naranjo and Wis. Stat. § 974.06(4) and because he has failed to sufficiently allege facts that, if true, would entitle him to relief, the circuit court's decision to deny Romero-Georgana's § 974.06 motion without a hearing was not an erroneous exercise of discretion.

### IV. CONCLUSION

¶72 We conclude the following.

¶73 First, a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought. See Starks, 349 Wis. 2d 274, ¶6. However, in evaluating the comparative strength of the claims, reviewing courts should consider any

objectives or preferences that the defendant conveyed to his attorney.  A claim's strength may be bolstered if a defendant directed his attorney to pursue it.

¶74 Second, the defendant has not offered a sufficient reason for failing to raise his § 974.06 claim in his second postconviction motion.  Without a sufficient reason, a defendant may not bring a claim in a § 974.06 motion if that claim "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal."  Escalona-Naranjo, 185 Wis. 2d at 173.  Consequently, the defendant's claim is barred.

¶75 Third, even if the § 974.06 motion were not barred, the motion does not allege sufficient facts that, if true, would entitle the defendant to relief.  The defendant failed to allege that the plea withdrawal claim was clearly stronger than the resentencing claim.  He does not specifically state which postconviction attorney was ineffective and instead makes an ambiguous reference to "postconviction counsel."  The motion then focuses almost exclusively on trial counsel and does not provide facts regarding postconviction counsel's performance.  Consequently, the defendant's motion falls far short of what is required, and the circuit court properly determined that he is not entitled to an evidentiary hearing.

*By the Court.*—The decision of the court of appeals is affirmed.

¶76 ANN WALSH BRADLEY, J. (dissenting). As a circuit court judge, I handled thousands of cases. Many of those cases dealt with imposing consequences and holding people accountable. They were required to follow the law.

¶77 Additionally, as a supreme court justice, I have reviewed thousands of cases which have imposed consequences and held people accountable. They were required to follow the law.

¶78 Those experiences inform how I approach this case. I come to this case with what should be the unremarkable observation that circuit court judges and supreme court justices should be held to follow the law.

¶79 The law clearly requires judges to "personally" advise defendants of deportation consequences when entering a guilty plea. With unusual emphasis underscoring the requirement, the legislature actually sets forth the explicit wording, detailing what the judge is to say. Judges are to:

> Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."

Wis. Stat. § 971.08(1)(c).

¶80 The legislature mandates the remedy of plea withdrawal if the judge fails to personally explain deportation consequences. If the prerequisites are met, the statute does not provide for a remedy of "maybe plea withdrawal" or "plea withdrawal upon compliance with a maze of conditions." Rather,

1

the law clearly provides that the court "shall vacate" the judgment and "permit the defendant to withdraw the plea."

> If a court fails to advise a defendant as required by sub. (1)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea.

Wis. Stat. § 971.08(2).

¶81  Here the circuit court judge failed to follow the law. He did not give the deportation warning as mandated.

¶82  And the majority of the supreme court fails to follow the law. Instead of following the clear remedy of plea withdrawal set forth in the statute, the majority engrafts all sorts of conditions onto the statute. One need almost be a "Philadelphia lawyer" to follow the byzantine maze of added conditions that the majority embraces.

¶83 The consequence of the majority opinion is unfortunate. It is not a mere error of law but an error that affects life and liberty.

¶84  For this defendant and others similarly situated, the majority appears to erase from the statutory text the legislatively mandated remedy. In reaching its conclusion, the majority ignores the express language of the statute, the purpose behind Wis. Stat. § 971.08, and our case law interpreting it.

¶85 Because I conclude that Wis. Stat. § 971.08 means what it says and that we are required to follow it, I respectfully dissent.

I

¶86 This case involves a non-citizen defendant who did not receive the required deportation warning.[1] Paramount to the analysis is the language of the statute.

¶87 Wisconsin Stat. § 971.08(2) provides that if a court has failed to personally inform a defendant that a plea may result in deportation, and it is later shown that the plea is likely to result in deportation, "the court on the defendant's motion <u>shall vacate</u> any applicable judgment against the defendant and <u>permit the defendant to withdraw the plea</u> and enter another plea." (Emphasis supplied.)

¶88 Rather than follow the dictates of the statute, the majority imposes the restraints of Wis. Stat. § 974.06 and <u>State v. Escalona-Naranjo</u>, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), without questioning whether they apply. In superimposing § 974.06 and <u>Escalona-Naranjo</u> onto the clear words of the statute, the majority rewrites the statute for the defendant and others similarly situated. Now they are required to meet a

---

[1] Wisconsin's non-citizens include people who have lawful permanent resident status (a "green card"), refugees and asylees and certain legal nonimmigrants (including those on student, work, or some other temporary visas). In addition, as of 2010, Wisconsin is home to an estimated 100,000 undocumented immigrants. Jeffrey S. Passel & D'Vera Cohn, "Unauthorized Immigrant Population: National and State Trends, 2010" (Feb. 1, 2011), available at http://www.pewhispanic.org/files/reports/133.pdf.

3

multitude of conditions that cannot be found anywhere in the statute.

¶89 In essence, the majority's response to the clear legislative mandate is as follows:

- OK, we shall vacate and permit plea withdrawal, but only if the defendant alleges that second postconviction counsel "was constitutionally ineffective in the second postconviction motion for failing to raise a claim about [first postconviction counsel's] ineffectiveness for failing to bring a plea withdrawal claim in the first postconviction motion." Majority op., ¶51.

- OK, we shall vacate and permit plea withdrawal, but only if defendant alleges that [first postconviction counsel] "was constitutionally ineffective in the first postconviction motion for failing to raise the plea withdrawal claim." Id., ¶51.

- OK, we shall vacate and permit plea withdrawal, but only if the defendant alleges "why and how his postconviction counsel was constitutionally ineffective." Id., ¶36.

- OK, we shall vacate and permit plea withdrawal, but only if the defendant shows "sufficient reason" for not bringing the claim in an earlier motion or appeal. Id., ¶34.

- OK, we shall vacate and permit plea withdrawal, but only if the defendant demonstrates that the claim now made is "clearly stronger" than previously made claims.[2] Id., ¶46.

- OK, we shall vacate and permit plea withdrawal, but only if the defendant alleges "sufficient material facts——e.g., who, what, where, when, why, and how"——that if true would entitle the defendant to the relief sought. Id., ¶37.

¶90 Nothing in Wis. Stat. § 971.08(2) requires a defendant to bring a motion to withdraw under the auspices of Wis. Stat. § 974.06. Nothing in Wis. Stat. § 971.08(2) indicates that a motion to withdraw can be brought under another statute. Indeed, courts have repeatedly considered motions to withdraw under Wis. Stat. § 971.08(2) without reference to Wis. Stat.

---

[2] In its analysis, the majority extends the "clearly stronger" standard from State v. Starks, 2013 WI 69, 349 Wis. 2d 274, 833 N.W.2d 146. Majority op., ¶¶45-46. As I explained in my dissent to Starks, the "clearly stronger" standard is too rigid and cannot practically be applied in many situations. Starks, 349 Wis. 2d 274, ¶¶94, 98-102 (Bradley, J., dissenting). The standard runs counter to United States Supreme Court precedent, which has declined to adopt bright-line standards for evaluating deficiency. Cullen v. Pinholster, 131 S. Ct. 1388, 1406 (2011). Further, it is inconsistent with Strickland v. Washington, 466 U.S. 668, 695 (1984), which requires an evaluation of the reasonableness of an attorney's performance under the totality of the circumstances.

Although the "clearly stronger" is one factor to consider in applying Strickland, it is not the test. There are many situations in which the standard will prove unworkable. This case is one of those situations. Given that it appears the defendant would have been successful in both the resentencing motion and the Wis. Stat. § 971.08(2) motion, a court cannot determine whether his postconviction representation was deficient without considering whether she adequately informed Romero-Georgana of his options and what, if anything, Romero-Georgana asked her to do on his behalf.

5

§ 974.06. <u>See, e.g.</u>, <u>State v. Negrete</u>, 2012 WI 92, 343 Wis. 2d 1, 819 N.W.2d 749; <u>State v. Douangmala</u>, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1; <u>State v. Vang</u>, 2010 WI App 118, 328 Wis. 2d 251, 789 N.W.2d 115; <u>State v. Bedolla</u>, 2006 WI App 154, 295 Wis. 2d 410, 720 N.W.2d 158.

¶91 The apparent reason the majority incorporates the § 974.06 and the <u>Escalona-Naranjo</u> standard is because it considers the defendant's motion untimely under Wis. Stat. § 971.08(2). Majority op., ¶66. Yet, unlike the other statutory procedures for postconviction motions, Wis. Stat. § 971.08(2) imposes no time limitations. <u>See, e.g.</u>, Wis. Stat. §§ 809.30 and 974.02 (requiring defendant to file notice of appeal or motion seeking postconviction relief within 60 days after service of transcript or court record).

¶92 It is impractical to expect a defendant to move timely to withdraw a plea on a ground for which he would have no knowledge. As explained in <u>Vang</u>, 328 Wis. 2d 251, ¶14, "[t]he statute anticipates that the motion to vacate the judgment and withdraw the plea will be submitted following a qualifying event in the future and reserves the right to defendants who demonstrate they have suffered the particular harm."

¶93 Notably, the qualifying event, notice of deportation, will often be long after the timeframes for filing for postconviction relief under Wis. Stat. §§ 974.02 and 809.30 have expired. One commentator observed, "it often takes more than a decade for the INS (now ICE) to initiate deportation proceedings." Cody Harris, Comment, <u>A Problem of Proof: How</u>

6

_Routine Destruction of Court Records Routinely Destroys a Statutory Remedy_, 59 Stan. L. Rev. 1791, 1805 (2007).[3] Thus, the majority's suggestion that Romero-Georgana's motion would be untimely under Wis. Stat. § 971.08(2) is supported neither by practicality nor by the text of the statute.

II

¶94 The majority's failure to honor the statutory language undermines not only the legislative intent as expressed by the clear words of the statute, but also the important purpose behind Wis. Stat. § 971.08. When passed in 1985, it was intended to serve as a safeguard, ensuring that a non-citizen defendant not unwittingly plead guilty because he was unaware of the significant potential consequences of deportation.[4] The

---

[3] The majority attempts to justify its timeliness argument by referencing in a footnote the legislative history of Wis. Stat. § 971.08. Majority op., ¶67 n.14. It observes that in 1983 the statute was amended to eliminate a 120-day time limit for filing motions to withdraw under Wis. Stat. § 971.08(1) because those claims could be brought under Wis. Stat. §§ 809.30, 974.02, or 974.06. Contrary to the majority's suggestion, the 1983 amendment provides no illumination to our analysis because it predates the enactment of the current Wis. Stat. § 971.08(2). It was not until 1985 that the legislature mandated the deportation warning along with its required remedy. As discussed above, its very language suggests that no time limit was intended.

[4] The drafting files to Wis. Stat. § 971.08 note that the enactment of similar legislation in other states "go[es] a long way to alleviate the hardship and unfairness involved when an alien unwittingly pleads guilty or nolo contendere to a charge without being informed of the immigration consequences of such a plea." Drafting files, 1985 Wis. Act 252, on file with the Wis. Legislative Reference Bureau.

landscape of immigration policy and practice has changed dramatically over the ensuing years making the need for safeguards even more pronounced.[5]

¶95 Currently, non-citizens are being deported in record numbers.[6] Reportedly, in the last eight years nearly two million people were deported. Of those, "[t]wenty percent——or about 394,000——of the cases involved people convicted of serious crimes, including drug-related offenses." Others may have committed only minor infractions, including traffic violations.[7] "Even long-term lawful permanent residents who have lived much of their lives in the United States are subject to immigration detention and deportation as a consequence of criminal arrest and conviction." Allegra M. McLeod, The U.S. Criminal-Immigration Convergence and Its Possible Undoing, 49 Am. Crim. L. Rev. 105, 113 (2012).

¶96 Commenting on the change in the immigration landscape, the United States Supreme Court observed how the changes have exacerbated the importance for non-citizens to be aware of the deportation consequences when entering a guilty plea:

---

[5] The changes in the legal landscape are discussed in Vivian Chang, Where Do We Go from Here: Plea Colloquy Warnings and Immigration Consequences Post-Padilla, 45 U. Mich. J.L. Reform 189, 193 (2011).

[6] DHS Office of Immigration Statistics Annual Report: "Immigration Enforcement Actions: 2012," available at http://www.dhs.gov/sites/default/files/publications/ois_enforcement_ar_2012_1.pdf.

[7] Ginger Thompson, More Deportations Follow Minor Crimes, Records Show, New York Times, Apr. 6, 2014.

The importance of accurate legal advice for non-citizens accused of crimes has never been more important. . . . [D]eportation is an integral part——indeed, sometimes the most important part——of the penalty that may be imposed on non-citizen defendants who plead guilty to specified crimes.

Padilla v. Kentucky, 559 U.S. 356, 364 (2010).

¶97 The Padilla court focused on the obligation of a defense attorney under the Sixth Amendment to advise non-citizens about potential deportation consequences that arise from criminal convictions. Id. It determined that the absence of such advice may be the basis for a claim of ineffective assistance of counsel. Id. at 360.[8] It did not, however, address the obligation of the court when presiding over the plea of a non-citizen in a criminal proceeding.

¶98 In its first published post-Padilla decision, the Wisconsin Court of Appeals also referenced the severe consequences of deportation. State v. Mendez, 2014 WI App 57, ___ Wis. 2d ___, ___ N.W.2d ___. Describing the defendant, it noted that Mendez came to this country in 1997 when he was fourteen years old and never returned to Mexico. Id., ¶3. He is married to a United States citizen and together they have a four-year-old child who is a United States citizen. The court

---

[8] The court observed:

Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. . . . But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

Padilla, 559 U.S. at 369.

observed that "despite the benefit of a great reduction in the length of the potential prison sentence, a rational non-citizen defendant might have rejected a plea bargain and risked trial for the chance at avoiding deportation." Id., ¶16. Like Padilla, the Mendez court focused on the ineffective assistance of counsel claim and did not discuss the duty of a circuit court when accepting a guilty plea.

¶99 The importance of deportation warnings and the duty of a judge to give them was addressed recently by the New York Court of Appeals. People v. Peque, 3 N.E.3d 617 (2013). It commented that under contemporary law, a non-citizen's removal upon a felony conviction "is practically inevitable," and described this as an "enormous penalty upon non-citizen convicts," with wide-ranging consequences for life and liberty:

> After being removed from the country, the defendant rarely, if ever, has further in-person contact with any family members remaining in America. Additionally, deportation effectively strips the defendant of any employment he or she had in this country, thus depriving the defendant and his or her family of critical financial support.

Id. at 630-32. Accordingly, it determined that a court was required to inform a defendant of the possible deportation consequences of entering a guilty plea. Id. at 635.

¶100 Several states have legislation like Wisconsin's affirmatively requiring courts to take an active role in informing defendants of the possible deportation consequences of entering a guilty plea. See, e.g., Cal. Penal Code Ann. § 1016.5; Conn. Gen. Stat. § 54-1j; D.C. Code § 16-713; Fla. Rule Crim. Proc. 3.172(c)(8); Ga. Code Ann. § 17-7-93(c); Haw.

10

Rev. Stat. Ann. § 802E-2; Iowa Rule Crim. Proc. 2.8(2)(b)(3); Mass. Gen. Laws, ch. 278, § 29D; Minn. Rule Crim. Proc. 15.01; Mont. Code Ann. § 46-12-210; N.Y. Crim. Proc. Law Ann. § 220.50(7); N.C. Gen. Stat. Ann. § 15A-1022; Ohio Rev. Code Ann. § 2943.031; Ore. Rev. Stat. § 135.385; R.I. Gen. Laws § 12-12-22; Tex. Code Crim. Proc. Ann., art. 26.13(a)(4); Vt. Stat. Ann., tit. 13, § 6565(c)(1); Wash. Rev. Code § 10.40.200.

¶101 This court has acknowledged that "by enacting Wis. Stat. § 971.08(1)(c) & (2), Wisconsin codified the protections contemplated in Padilla, but placed the duty to warn on the circuit court, rather than solely on the attorney." Negrete, 343 Wis. 2d 1, ¶33 n.12. By circumventing the remedy set forth in Wis. Stat. § 971.08(2), the majority minimizes the judge's duty and undermines the purpose of the statute.

### III

¶102 Our precedent interpreting the statute has strictly held circuit courts to the requirements in Wis. Stat. § 971.08. In State v. Douangmala, this court determined that Wis. Stat. § 971.08(2) means what it expressly states: if the defendant makes the required showing, "the circuit court 'shall' vacate the judgment and shall permit the defendant to withdraw the plea." 253 Wis. 2d 173, ¶31. The court explained that "[t]he word 'shall' in a statute is presumed to be mandatory unless a different construction is necessary to carry out the legislature's clear intent. Nothing in Wis. Stat. § 971.08 points to a different interpretation of the word 'shall' than an interpretation that the word signifies a mandatory act." Id.

11

¶103 Similarly, in Negrete, 343 Wis. 2d 1, ¶23, this court explained that the procedures required by Wis. Stat. § 971.08(2) are clear. All the defendant is required to show in order to withdraw a plea are the two elements enumerated in Wis. Stat. § 971.08(2):

> To employ Wis. Stat. § 971.08(2) to withdraw his plea, however, the defendant's motion must first allege two facts: (1) that the circuit court "fail[ed] to advise [the] defendant [of the deportation consequences of the defendant's plea] as required by [§ 971.08(1)(c)]"; and (2) that the defendant's "plea is likely to result in the defendant's deportation, exclusion from admission to this country[,] or denial of naturalization."

Id., ¶23 (quoting Wis. Stat. § 971.08(2)).

¶104 Here, Romero-Georgana has shown what Negrete requires. He was not given the mandatory warning by the circuit court that a guilty plea could lead to his deportation and that he is now facing deportation. Under the governing statute, Wis. Stat. § 971.08(2), that is all that Romero-Georgana needed to show in order to withdraw his plea. Douangmala, 253 Wis. 2d 173, ¶31.

¶105 I acknowledge that Romero-Georgana's pro se motion was on a form for Wis. Stat. § 974.06 motions. Perhaps this is why the majority was misled. However, the only citation to Wis. Stat. § 974.06 is in the form's preprinted labels on the first and second pages. Neither the text of the motion nor the attached affidavit makes any reference to a § 974.06 motion. Even the majority recognizes that "Romero-Georgana likely could have withdrawn his plea if he had timely brought a § 971.08(2) motion." Majority op., ¶66.

12

¶106 Nothing in Wis. Stat. § 971.08(2) or our precedent permits a reviewing court to ignore the circuit court's duty because of the defendant's failure to correctly label the motion. A defendant's action or inaction cannot alter the duty of the court under Wis. Stat. § 971.08(1)(c). Vang, 328 Wis. 2d 251, ¶14. Furthermore, under our precedent, Romero-Georgana's confusion in selecting the wrong label does not serve as a bar to his claim.

¶107 Wisconsin courts have a well-settled policy of liberally construing the pro se pleadings of prisoners to determine whether they contain a cause of action. State v. Love, 2005 WI 116, ¶29 n.10, 284 Wis. 2d 111, 700 N.W.2d 62 (quoting State ex rel. Terry v. Traeger, 60 Wis. 2d 490, 496, 211 N.W.2d 4 (1973)) ("[W]e must follow a liberal policy in judging the sufficiency of pro se complaints filed by unlettered and indigent prisoners."); State ex rel. L'Minggio v. Gamble, 2003 WI 82, ¶16, 263 Wis. 2d 55, 667 N.W.2d 1 ("At the outset, we note that it is well-settled that pro se complaints are to be liberally construed to determine if the complaint states any facts that can give rise to a cause of action."); Lewis v. Sullivan, 188 Wis. 2d 157, 164, 524 N.W.2d 630 (1994) ("[P]ro se complaints of prisoners must be construed liberally in determining whether the stated facts give rise to a cause of action.").

¶108 This court has explicitly instructed courts to look to the contents of a pleading, not its label, to determine if the prisoner is entitled to relief:

13

> We re-emphasize today what we have said previously. A court presented with a prisoner's pro se document seeking relief must look to the facts stated in the document to determine whether the petitioner may be entitled to any relief if the facts alleged are proved. Neither a trial nor an appellate court should deny a prisoner's pleading based on its label rather than on its allegations. <u>If necessary the court should relabel the prisoner's pleading</u> and proceed from there.

<u>bin-Rilla v. Israel</u>, 113 Wis. 2d 514, 521, 335 N.W.2d 384 (1983) (emphasis supplied).

¶109 In this case, Romero-Georgana filed his motion without the assistance of an attorney. The contents of the motion and attached affidavit relate to the circuit court's failure to inform him of the possible deportation consequences of his plea and the fact that he is now facing deportation.[9] The only

---

[9] The motion states:

Romero-Georgana is a native of Mexico and is not a citizen of the United States of America. Romero-Georgana contends that the trial court failed to advise him that if he pleas no contest he may be deported.

Romero-Georgana pled no contest to one count of first degree sexual assault of a child. Romero-Georgana did through the use of the Plea Questionnaire/Waiver of Rights form verify that he did understand the question regarding deportation. However, Romero-Georgana contends that at the time he completed the Plea Questionnaire/Waiver of Rights Form that he did not fully understand what he was initialing due to his limited English skills, poor quality of interpreters being employed by his attorney at the time, and the failure of counsel to advise him of the consequences. Romero-Georgana contends that had he known he would be deported upon entering the no contest plea he would have instead entered a plea of not guilty and went to trial.

At no time did the court during the plea colloquy (Plea Hearing Transcripts dated November 17, 2006,

14

citation to Wis. Stat. § 974.06 in the motion is in its pre-printed labels.

¶110 In an apparent attempt to deflect from the circuit court's and this court's failure to follow the clear statutory language, the majority lays blame on the back of the defendant who filed pro se the motion and the petition for review. It quotes in both text and footnote the comment of Romero-Georgana's attorney who was appointed after the petition for review was granted and who felt constrained by the order granting the petition which she interpreted as precluding her from raising a § 971.08(2) issue. Majority op., ¶67 and n.14.[10]

¶111 It is not the defendant's fault that the circuit court failed to give the statutorily mandated deportation warning. Wisconsin Stat § 971.08(1)(c) expressly provides that it is the duty of the circuit court to give it.

_____

pages 2-4) advise Romero-Georgana of the deportation consequences of his entering a plea of no contest. Again, Romero-Georgana contends he would not have entered a plea of no contest had he fully understood he would have been deported.

To verify that Romero-Georgana is indeed facing deportation back to his native land of Mexico he submits the Immigration Detainer-Notice of Action Form File #A097-838-176, dated March 20, 2007. (Exhibit 1)

[10] At oral argument Romero-Georgana's attorney stated "[a]s this court knows we were appointed . . . after the petition for review was filed and the case had been decided up to that point under 974.06." The attorney further stated "[t]his court's order granting review specifically asked us to stay within the arguments made in the petition for review, and that did not include an argument that this case should be decided as a 971.08(2) motion by itself."

15

¶112 It is not the fault of the attorney appointed after the petition for review was granted that this court fails to follow the remedy mandated by the clear statutory language. Wisconsin Stat. § 971.08(2) expressly provides that if the preconditions are met, the remedy is "shall vacate . . . and permit the defendant to withdraw the plea . . . ."

¶113 A defendant's action or inaction does not relieve the circuit court of its duty to give the deportation warning. Nor does an attorney's action or inaction give license to this court to rewrite the words of a statute or circumvent the clearly mandated legislative remedy.

IV

¶114 I conclude that the language of Wis. Stat. § 971.08(2) is clear. If a defendant shows that the court did not advise him of the possible deportation consequences of a plea and that the defendant is likely to be deported as a result of his plea, the court "shall" vacate the sentence. Wis. Stat. § 971.08(2).

¶115 The statute includes no requirement that the defendant follow Wis. Stat. § 974.06 to obtain such relief. Its directive to the courts is mandatory and should be strictly construed. Accordingly, because the circuit court did not inform Romero-Georgana of the possible deportation consequences of his plea and he is now facing deportation, Wis. Stat. § 971.08(2) requires that he be permitted to withdraw his plea.

¶116 For the reasons set forth above, I respectfully dissent.

¶117 I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.